**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No. 12-33942

**GERALD L. MILLER**

Debtor

**MEMORANDUM ON MOTION FOR
SUMMARY JUDGMENT THAT TENNESSEE STATE BANK IS NOT
QUALIFIED AS A PETITIONING CREDITOR**

**APPEARANCES:**   SAMPLES, JENNINGS, RAY & CLEM, PLLC
   Thomas E. Ray, Esq.
   130 Jordan Drive
   Chattanooga, Tennessee  37421
   Attorneys for the Debtor

   GENTRY, TIPTON & MCLEMORE, P.C.
   Maurice K. Guinn, Esq.
   Post Office Box 1990
   Knoxville, Tennessee 37901
   Tyler C. Huskey, Esq.
   2430 Teaster Lane
   Suite 210
   Pigeon Forge, Tennessee  37863
   Attorneys for Tennessee State Bank, Householder Family Trust,
   Charles A. and Melanie McGuinnis, Petitioning Creditors

   SAMUEL K. CROCKER, ESQ.
   UNITED STATES TRUSTEE
   Patricia C. Foster, Esq.
   Howard H. Baker, Jr. United States Courthouse
   800 Market Street
   Suite 114
   Knoxville, Tennessee  37902
   Attorneys for United States Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court upon the Motion for Summary Judgment That Tennessee State Bank Is Not Qualified As A Petitioning Creditor (Motion for Summary Judgment) filed on November 9, 2012, by the Debtor, Gerald L. Miller, asking the court to enter an order finding that because its claim is subject to a bona fide dispute as to liability or the amount owed, Tennessee State Bank does not qualify as a petitioning creditor under 11 U.S.C. § 303(b)(1) (2006). The Motion for Summary Judgment, which has incorporated within its terms "Background Facts" deemed by the court, as stated in the Order entered on November 13, 2012, to be the statement of undisputed material facts (Statement of Facts) required by E.D. Tenn. LBR 7056-1(a), is also supported by: (1) Amended and Restated Verified Complaint filed on August 14, 2012, in the Chancery Court for Sevier County, Tennessee, in the action styled *Tennessee State Bank v. Miller*, No. 78CHI-2011-CV-407 11-9-407 (State Court Lawsuit), with four exhibits: (A) Universal Note and Security Agreement (Note) in the amount of $3,000,000.00 executed by Debtor and Charles A. McGinnis on November 17, 2006, in favor of Tennessee State Bank; (B) Deed of Trust securing the Note; (C) Universal Note and Security Agreement (First Renewal Note) in the amount of $2,920,000.00 dated December 19, 2008, in favor of Tennessee State Bank; (D) Universal Note and Security Agreement (Second Renewal Note) in the amount of $2,880,000.00 dated November 10, 2010, in favor of Tennessee State Bank; (2) Amended Counter-Complaint dated February 2, 2012, filed in the State Court Lawsuit; (3) Order entered on April 4, 2012, in the State Court Lawsuit denying the Motion to Dismiss Counterclaim filed by Tennessee State Bank and granting the Motion to Amend Counterclaim filed by the Debtor; (4) Plaintiff/Counter-Defendant Tennessee State Bank's Motion for Partial Summary Judgment filed on March 30, 2012, in the State Court Lawsuit; (5) Response to Motion for Partial Summary Judgment dated June 7, 2012, filed in the State Court

Lawsuit; and (6) Affidavit of Counsel for Gerald L. Miller (Tranum Affidavit).

Tennessee State Bank filed the Response of Tennessee State Bank to Debtor's Motion for Summary Judgment (Response to Motion for Summary Judgment) on November 29, 2012, in which it addresses the stated "Background Facts" designated by the Debtor (Response to Statement of Facts), does not offer an additional statement of undisputed material facts, and incorporates therein a responsive brief in opposition to the relief sought in the Motion for Summary Judgment. Additionally, Tennessee State Bank filed the following exhibits in support of the Response to Motion for Summary Judgment: (A) Verified Complaint filed September 9, 2011, initiating the State Court Lawsuit; (B) Answer and Counterclaim dated November 8, 2011, filed in the State Court Lawsuit; (C) Plaintiff Tennessee State Bank's Statement of Undisputed Facts filed on March 30, 2012, in the State Court Lawsuit; (D) Tennessee State Bank's Memorandum in Support of Its Motion for Partial Summary Judgment filed on March 30, 2012, in the State Court Lawsuit; (E) transcript of proceedings in the Sevier County Chancery Court on June 15, 2012, on the motion for partial summary judgment filed in the State Court Lawsuit; (F) Affidavit of Shelly Spurgeon (Spurgeon Affidavit) attaching loan documentation for the following loans from Tennessee State Bank with the Debtor either individually or as a co-maker: (1) loan no. xx5233 dated November 12, 2010, in the amount of $146,416.24 to Gerald L. Miller and Karen L. Miller; (2) loan no. xx8790 dated August 4, 2009, in the amount of $548,059.83 to Gerald L. Miller and Karen L. Miller; (3) loan no. xxxx0637 dated October 31, 2008, in the amount of $123,750.00 to Gerald L. Miller and Karen L. Miller; (4) loan no. xxxx2385 dated December 30, 2008, in the amount of $68,000.00 to Gerald L. Miller and Karen L. Miller; (5) loan no. xx5365 dated November 10, 2010, in the amount

of $4,379.65 to Gerald L. Miller; (6) loan no. xxxx4154 dated November 10, 2010, in the amount of $425,306.89 to Gerald L. Miller; (7) loan no. xxxx1414 dated November 10, 2010, in the amount of $78,912.46 to Gerald L. Miller; (8) loan no. xxxxx7329 dated October 24, 2008, in the amount of $151,592.43 to Gerald L. Miller and Charles A. McGinnis; (9) loan no. xx4258 dated November 10, 2010, in the amount of $4,452.85 to Gerald L. Miller; (10) loan no. xx8481 dated July 7, 2008, in the amount of $214,785.57 to Gerald L. Miller and William N. Massalon, III; (11) loan no. xx1953 dated November 10, 2010, in the amount of $522,390.27 to Gerald L. Miller; (12) loan no. xxxx2406 dated November 10, 2010, in the amount of $2,880,000.00 to Gerald L. Miller; and (13) loan no. xxxx5041 dated May 5, 2009, in the amount of $500,000.00 to Gerald L. Miller; (G) Affidavit of Tyler C. Huskey (Huskey Affidavit); and (H) Amended and Restated Verified Complaint filed with attachments on August 14, 2012, in the State Court Lawsuit.[1]

# I

This bankruptcy case was commenced by the filing of an Involuntary Petition under Chapter 7 against the Debtor on September 28, 2012, by Tennessee State Bank, alleging that the Debtor is generally not paying his debts as they become due and is a person against whom relief may be granted and that it was eligible to file the petition because, as of September 28, 2012, the Debtor owed $7,394,727.11 to Tennessee State Bank pursuant to thirteen loans between Tennessee State Bank and the Debtor, either individually or as co-maker. STMT. OF FACTS at ¶¶ 1-2; RESP. TO STMT.

---

[1] On December 5, 2012, the Debtor filed Respondent's Reply, purporting to reply to the Response to Motion for Summary Judgment filed by Tennessee State Bank on November 29, 2012. This document, however, was not authorized by the Local Rules for the United States Bankruptcy Court for the Eastern District of Tennessee, nor was it authorized by court order. Accordingly, the Respondent's Reply has not been considered in determining the Motion for Summary Judgment.

OF FACTS at ¶¶ 1-2; SPURGEON AFF. at ¶¶ 3-15, 18, EXS. 1-13. On November 8, 2012, four additional creditors – Householder Family Trust, Sevier County Bank, Melanie McGinnis, and Charles A. McGinnis - filed notices of joinder or intervention as additional petitioning creditors. STMT. OF FACTS at ¶ 9; RESP. TO STMT. OF FACTS at ¶ 9.

One loan between Tennessee State Bank – no. xxx2406 dated November 10, 2010, in the amount of $2,880,000.00, is the subject of the State Court Lawsuit commenced by Tennessee State Bank on September 9, 2011, to which the Debtor filed an Answer on or about November 8, 2011, denying the amount owed and asserting a Counterclaim alleging breach of contract, tortious interference and restraint on alienation of property, fraud, detrimental reliance, and misrepresentation, breach of fiduciary duty, negligence, violations of the Tennessee Consumer Protection Act, good faith and fair dealing, and usury. STMT. OF FACTS at ¶¶ 4-5; RESP. TO STMT. OF FACTS at ¶¶ 4-5; MOT. FOR SUMM. JUDG. EX. 2; RESP. TO MOT. FOR SUMM. JUDG. EXS. A, B; TRANUM AFF. at ¶ 2. By an Order entered on April 4, 2012, a motion by Tennessee State Bank to dismiss the counterclaim was denied and the Debtor's motion to amend the counterclaim was granted. STMT. OF FACTS at ¶ 6; RESP. TO STMT. OF FACTS at ¶ 6; MOT. FOR SUMM. JUDG. EX. 3. Tennessee State Bank also filed a motion for partial summary judgment in the Sevier County Chancery Court on March 30, 2012, seeking partial summary judgment that the Debtor owed the monies to Tennessee State Bank as set forth in the Verified Complaint. STMT. OF FACTS at ¶ 7; RESP. TO STMT. OF FACTS at ¶ 7; MOT. FOR SUMM. JUDG. EX. 4; RESP. TO MOT. FOR SUMM. JUDG. EXS. C-D. The Debtor filed a response in opposition to the motion for partial summary judgment, and following a hearing held on June 15, 2012, the Sevier County Chancery Court denied Tennessee

State Bank's motion for partial summary judgment on the basis that it would not discount the defenses raised and award Tennessee State Bank the monetary judgment it sought because that amount included not only principal but also interest, late charges, and other monies; however, no order memorializing the Chancellor's decision was entered.  STMT. OF FACTS at ¶¶ 7-8; RESP. TO STMT. OF FACTS at ¶¶ 7-8; MOT. FOR SUMM. JUDG. EX. 5; RESP. TO MOT. FOR SUMM. JUDG. EX. E at pg.21, line 22-pg. 28, line 21; TRANUM AFF. at ¶ 3. Tennessee State Bank subsequently filed an Amended and Restated Verified Complaint in the Sevier County Chancery Court on August 14, 2012.  MOT. FOR SUMM. JUDG. EX. 1; RESP. TO MOT. FOR SUMM. JUDG. EX. H.

## II

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" with the procedures concerning summary judgment requiring the following:

> (1) *Supporting Factual Positions*.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact is Not Supported by Admissible Evidence*.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would admissible in evidence.

> (3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED. R. CIV. P. 56(c) (applicable in contested matters pursuant to Rules 9014 and 7056 of the Federal Rules of Bankruptcy Procedure). When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

As the moving party, the Debtor bears the burden of proving that, based upon the record presented to the court, there is no genuine dispute concerning any material fact, that the claims or defenses alleged are factually unsupported, and he is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to Tennessee State Bank, the non-moving party, to prove that there are genuine disputes of material fact for trial, although it may not rely solely upon allegations or denials contained in the pleadings, as reliance upon a "mere scintilla of evidence in support of the nonmoving party will not be sufficient." *Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more

7

than simply show that there is some metaphysical doubt as to the material facts."). The court must view the facts and all resulting inferences in a light most favorable to the non-movant and decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. Nevertheless; "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 106 S. Ct. at 1356 (citations omitted).

### III

The sole issue raised by the Debtor in his Motion for Summary Judgment is whether Tennessee State Bank is ineligible to be a petitioning creditor because its claim is the subject of a bona fide dispute as to liability or amount. The Bankruptcy Code does not define bona fide dispute, but it is generally agreed that "[a] claim is subject to a bona fide dispute 'if there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts.'" *In re Hicks*, 2011 WL 6000861, at *2 (quoting *Mktg. & Creative Solutions, Inc. v. Scripps Howard Broad. Co. (In re Mktg. & Creative Solutions, Inc.)*, 338 B.R. 300, 305 (B.A.P. 6th Cir. 2006)). The court is not, however, required to "resolve any genuine issues of fact; it must only determine that such issues exist." *Hicks*, 2011 WL 6000861, at *2 (quoting *Riverview Trenton RR Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940, 945 (6th Cir. 2007) (brackets and citations omitted).

"The bankruptcy court is expected to make an inquiry sufficient to determine whether a

legitimate question exists about the application of law to the undisputed facts presented. The debtor must have a 'legitimate legal or factual basis' to challenge the claim." *Mktg. & Creative Solutions, Inc.*, 338 B.R. at 305 (quoting *Nat'l City Bank v. Troutman Enters., Inc. (In re Troutman Enters., Inc.)*, 253 B.R. 8, 12 (B.A.P. 6th Cir. 2000)). "In applying this standard, the Court must determine 'whether there is an objective basis for either a factual or a legal dispute as to the validity of the debt. The court need not determine the probable outcome of the dispute, but merely whether one exists.'" *In re Everett*, 178 B.R. 132, 140 (Bankr. N.D. Ohio 1994) (quoting *In re Data Synco, Inc.*, 142 B.R. 181, 182 (Bankr. N.D. Ohio 1992) (citations omitted)). Petitioning creditors bear the burden of establishing a prima facie case that no bona fide dispute exists, after which the burden shifts to the involuntary debtor to demonstrate the contrary. *In re AMC Investors, LLC*, 406 B.R. 478, 484 (Bankr. D. Del. 2009).

As the basis for his argument, the Debtor avers that the Sevier County Chancery Court's denial of Tennessee State Bank's motion to dismiss the Debtor's counterclaim and its subsequently filed motion for partial summary judgment in the State Court Lawsuit constitutes proof that the debts are subject to bona fide dispute as to liability and amount. The court disagrees. "[T]he denial of a motion for summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim. It is strictly a pretrial order that decides only one thing – that the case should go to trial." *Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25, 87 S. Ct. 193, 195, 17 L.Ed.2d 23 (1966); *see also HCA, Inc. v. Am. Prot. Ins. Co.*, 174 S.W.3d 184, 193 (Tenn. Ct. App. 2005) ("All that the overruling of a motion for summary judgment indicates is that the case should proceed further.") (quoting *Hamrick v. Spring City Motor*

*Co.*, 708 S.W.2d 383, 388 (Tenn. 1986)).

> Summary judgment proceedings in this state were authorized for the first time by Rule 56 of the Tennessee Rules of Civil Procedure. This new procedure was designed to fill a vacancy or void which had existed in prior practice and to provide a procedural step which had heretofore not existed. Under previous practice, in both the circuit and chancery courts, there had been no satisfactory intermediate step between the demurrer, which dealt only with the contents of pleadings, and a full-scale trial of a case upon the merits. The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*Am. Prot. Ins. Co.*, 174 S.W.3d at 195 (quoting *EVCO Corp. v. Ross*, 528 S.W.2d 20, 24-25 (Tenn. 1975)); *see also Intermodal Cartage Co., Inc. v. Cherry*, 227 S.W.3d 580, 590 (Tenn. Ct. App. 2007) ("The overruling of a summary judgment motion under the standard set forth in *EVCO* does not mean that a question for the finder of fact is necessarily presented, nor that a motion for a directed verdict in a trial on the merits may not be granted.").

The transcript of the June 15, 2012 hearing on the motion for partial summary judgment filed by Tennessee State Bank in the State Court Lawsuit is telling and determinative. First, the court asked for and received from the Debtor's attorney an admission that even with the defenses raised by the Debtor in his counterclaim, he was still indebted and required to repay to Tennessee State Bank the original $2,880,000.00 principal amount advanced to him under the loan no. xxx2406 note. RESP. TO MOT. FOR SUMM. JUDG. EX. E at pg. 20, line 4-pg. 21, line 8. Thereafter, with respect to the principal sum under the note, the court expressly states the following:

> If I were to grant you – I've already said in my opinion your claim for the principle

10

> [sic] amount of the note is a good one, because if there was $2,800,000.00[2] advanced to Mr. Miller, he must at least pay that much back. He can't keep the bank's money. Even if the note was fraudulent, he can't keep the bank's money. He's got to restore the status quo before the fraud.

RESP. TO MOT. FOR SUMM. JUDG. EX. E at pg. 23, lines 8-16; *see also* RESP. TO MOT. FOR SUMM. JUDG. EX. E at pg. 25, lines 11-14 ("But at the very least you've still got to pay back the $2,800,000 that the bank loaned you. You've got to pay that much at least."). The court then proceeded to deny Tennessee State Bank's motion for partial summary judgment because it was seeking not only the principal amount under the note but also accrued interest:

> The Court: . . . . You want judgment for an amount certain?
>
> Mr. Huskey: Yes, your Honor.
>
> The Court: Dollars and cents.
>
> Mr. Huskey: Yes, your Honor.
>
> The Court: I understand that. While I do not think, and I've said over and over, I do not think that Mr. Miller, even if there was fraud, misrepresentation, usury, I do not think he can escape liability for the underlying principle [sic] amount of money that was advanced to him. But he might, if he was successful on some of those other defenses, escape interest, late charges, et cetera.
>
> Now, what's the point of that? The only way I can give you judgment today for what you ask for is to assume, to hold that these defenses that he has alleged are not good defenses, and I cannot do that.

RESP. TO MOT. FOR SUMM. JUDG. EX. E at pg. 27, line 13-pg.28, line 6. Clearly, the Chancellor did not deny summary judgment with respect to whether the Debtor was going to be required to repay the underlying principal amount to Tennessee State Bank; rather, the summary judgment was denied because the Chancellor chose not to award the interest, late charges, and other amounts requested

---

[2] Although the Chancellor stated that the amount of the loan was $2,800,000.00 during the hearing on June 15, 2012, the loan documentation reflects that the amount loaned was, in fact, $2,880,000.00. *See* SPURGEON AFF. Ex. 12.

11

by Tennessee State Bank in light of the defenses raised by the Debtor. In other words, there is no bona fide dispute as to the $2,880,000 principal amount owed to Tennessee State Bank on loan no. xxx2406.

Furthermore, the State Court Lawsuit, as it existed at the time the Chancellor denied the motion for partial summary judgment, addressed and sought recovery on only one of thirteen loan obligations – no. xxx2406 dated November 10, 2010, in the principal amount of $2,880,000.00 – owed to Tennessee State Bank by the Debtor. This fact is confirmed by the Debtor's counsel in the State Court Lawsuit, who acknowledged that Tennessee State Bank sought recovery only on that one note and that "none of these [remaining] notes to my knowledge are tainted by usury or fraud. I don't have any defense for these." RESP. TO MOT. FOR SUMM. JUDG. EX. E at pg. 12, lines 1-3; see also pg. 12, lines 17-19. The remaining twelve loans, having an aggregate amount owing, as of September 28, 2012, of $3,526,265.70[3], together with attorneys' fees in the amount of $25,378.58 and lease payments of $52,889.61, see SPURGEON AFF. at ¶¶ 3-17, were not originally included in the State Court Lawsuit, and these loans provide a basis for Tennessee State Bank to file the involuntary petition against the Debtor irrespective of the fact that the Sevier County Chancery Court did not enter summary judgment as to the amount of the Debtor's liability under loan no. xxx2406. There is no bona fide dispute as to the Debtor's obligation to repay any of the foregoing debts to Tennessee State Bank.

An Order consistent with this Memorandum will be entered.

---

[3] The Debtor borrowed an aggregate amount of $2,788,046.19 through these remaining twelve loans.

FILED:  December 7, 2012

                                              BY THE COURT

                                              */s/ RICHARD STAIR, JR.*

                                              RICHARD STAIR, JR.
                                              UNITED STATES BANKRUPTCY JUDGE